1
2
3
4
5
6
7
8                               UNITED STATES DISTRICT COURT
9                             FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  | GERARDO AZPERA,            | Case No. 2:25-cv-2542-JDP (P)
12  |        Plaintiff,           |
13  |   v.                        | ORDER
14  | MALONEY, *et al.*,          |
15  |        Defendants.          |
16

Plaintiff, a state prisoner, brings this section 1983 action against correctional officers Maloney and Perez at the Mule Creek State Prison. I find that plaintiff's claim for denial of medical care against Maloney is adequate to proceed past screening. His retaliation claim, however, is deficient and should be dismissed without prejudice. Plaintiff will notify the court of his intent to either proceed with the cognizable claim or file an amended complaint. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, makes the required showing and is granted.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges two discrete claims based on incidents that occurred while he was housed at Mule Creek State Prison ("MCSP"). The first claim centers on defendants' delay in obtaining medical treatment for plaintiff. Plaintiff claims that on March 5, 2025, he experienced what seemed like a heart attack. ECF No. 1 at 3. This heart attack caused plaintiff suddenly to lose consciousness and fall from his top bunk and hit his head on a hard metal surface. *Id.* Plaintiff alleges that he woke up with his head covered in blood. *Id.* Plaintiff's cellmate called for medical attention repeatedly over the course of three hours, but defendants ignored his pleas for assistance, with defendant Maloney allegedly going so far as to state that he did not call in the incident because he "knew it was fake." *Id.* at 4. Plaintiff further alleges that he had a pre-existing heart murmur, and this was not the first time he had experienced one of these attacks, but

2

this was the first time he had experienced a heart problem while at MCSP without receiving institutional medical attention. *Id.*

Plaintiff also alleges that Maloney retaliated against him on several occasions by withholding food and removing legal work from his cell. *Id*. at 6-7. Plaintiff alleges that Maloney's conduct can be attributed, in at least part, to retaliation against plaintiff for filing a lawsuit against him. *Id*. at 7.

Plaintiff is advised that he cannot assert claims on behalf of his cellmate.[1] *See* 28 U.S.C. § 1654 (parties may plead and conduct their own cases personally in all federal courts); *see also Simon v. Hartford Life, Inc*., 546 F.3d 661, 664-65 (9th Cir. 2008) (noting an individual appearing pro se may not represent other individuals in federal court); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotations and citation omitted). Therefore, to the extent that plaintiff has alleged claims on behalf of his cellmate, those claims are dismissed.

While plaintiff styles his claims as excessive force and threat to safety, it appears that plaintiff's claims are rooted in the Eighth Amendment's protection against the denial of medical care.[2] To be sure, denial of medical care by prison staff may constitute a claim for deliberate indifference to a prisoner's serious medical needs. *Lemire v. California Dept. of Corrections and Rehabilitation*, 726 F.3d 1062, 1075 (9th Cir. 2013) (holding that the deliberate indifference of prison officials to the medical needs of prisoners can support Eighth Amendment liability). This claim is pled sufficiently because plaintiff alleges that Maloney was aware of plaintiff's serious pre-existing heart issues and refused to provide medical care when requested because Maloney "knew it was fake." *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that the test for deliberate indifference requires a showing of serious medical need and defendant's

---

[1] Plaintiff lists his cellmate, Jimmie Jones III, as a plaintiff and appears to allege claims on his behalf. *See* ECF No. 1 at 1, 4.

[2] Plaintiff alleges that his initial injury was caused by his fall, which was not caused by defendants. However, plaintiff also seems to allege that his injury is derivative of defendants' inaction in obtaining medical treatment for him after the fall.

1  deliberately indifferent response).

2  Plaintiff's remaining claim alleges that defendant Maloney removed plaintiff's legal work
3  from his cell and refused to provide him meals. While the taking of legal work does not
4  constitute the deprivation of basic life necessities, withholding food can because prison officials
5  have a duty to ensure that prisoners are provided adequate food. *See Johnson v. Lewis*, 217 F.3d
6  726, 731 (9th Cir. 2000). The nonconsensual taking of legal work raises a potential retaliation
7  claim under the First Amendment if Maloney withheld food and removed plaintiff's legal work
8  from his cell in retaliation for having previously filed suit against him. *Watison v. Carter*, 668
9  F.3d 1108, 1114 (9th Cir. 2012) ("Prisoners have a First Amendment right to file grievances
10 against prison officials and to be free from retaliation for doing so."). However, the claim for
11 deliberate indifference to plaintiff's medical needs against Maloney and Perez on March 5, 2025,
12 and the claim for the instances of retaliation against Maloney individually are factually unrelated.
13 Multiple, unrelated claims against more than one defendant belong in separate suits. *See* Fed. R.
14 Civ. P. 20(a)(2); *see also Centeno v. Grierson,* No. 2:23-cv-02131-JAD-DJA, 2024 WL 3237561
15 (D. Nev. 2024) (". . . unrelated claims that involve different defendants must be brought in
16 separate lawsuits.") (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

17 Plaintiff may proceed with the cognizable claim or file an amended complaint that
18 addresses these deficiencies. Should he choose to file an amended complaint, he is advised that
19 the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693
20 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First
21 Amended Complaint" and refer to the appropriate case number.

22 Accordingly, it is ORDERED that:

23 1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

24 2. Within thirty days from service of this order, plaintiff shall file either (1) an amended
25 complaint or (2) notify the court of his intent to proceed with the cognizable claim.

26 3. Failure to timely file either an amended complaint or proceed with the cognizable
27 claim may result in the imposition of sanctions, including a recommendation that this action be
28 dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: ___December 5, 2025___            _____
                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE