UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERARDO AZPERA,

Plaintiff,

v.

D. MALONEY, *et al.*,

Defendants.

Case No. 2:25-cv-2542-JDP (P)

ORDER

Plaintiff, a state prisoner, brings several unrelated and underdeveloped claims against defendants Maloney, F. Perez, and Luis Garinica. I will dismiss the complaint and offer plaintiff one final opportunity to amend and remedy the deficiencies identified below.

**Screening Order**

**I.      Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff brings at least two separate and unrelated claims. First, she[1] claims that defendant Maloney denied her medical care by failing to notify medical staff of her needs. ECF No. 10 at 5. Plaintiff lists numerous medical conditions, including heart murmurs, chest pains, seizures, and psychological pain. *Id.* She fails, however, to offer necessary factual context, such as when Maloney failed to summon aid, what transpired as a result, what information she relayed to him, and how many instances of failing to summon aid are at issue. Federal pleading standards are not high, but they demand more than vague allegations of harm. *See Bell Atl. Corp. v.*

---

[1] Plaintiff states that she is a transgender inmate. I assume, for the purposes of this order, that she is a transgender woman and use pronouns based on this assumption. If this is incorrect, she may state as much in her next filing.

2

*Twombly*, 550 U.S. 544, 555 (2007) (holding that "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .").

Second, in an apparently unrelated claim, plaintiff alleges that F. Perez ignored unspecified risks to her health and safety because he held discriminatory animus toward transgender inmates. ECF No. 10 at 8. Plaintiff references a fall from a top bunk but does not adequately describe this incident. *Id.* at 8-9. Plaintiff also alleges that both Perez and Maloney have withheld food from her because of her transgender status. *Id.* at 10-11.

Finally, as to defendant Luis Garinica, plaintiff alleges that this defendant has supervisory authority as warden of Mule Creek State Prison and has failed to curb the abuses of his subordinates. *Id.* at 13. This allegation is insufficient, because plaintiff has not provided specific allegations as to what this defendant knew and when they knew it. She vaguely references grievances that were allegedly disregarded by Garinica but does not describe what information was relayed by those grievances or what response, if any, the warden offered. *Id.* at 12-13.

It may be that these claims are sufficiently related to proceed together, but plaintiff must allege more "connective tissue" describing how they interlock. And, again, each claim must offer more factual context so that both the court and any served defendant can discern what alleged misconduct is at issue.

I will give plaintiff one final opportunity to amend so that she may address this issue. She is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, contained in ECF No. 10, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    February 27, 2026                                 _____
                                                            JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE

4